**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**XIOTECH CORPORATION,**

        **Plaintiff,**

vs.                **6:13-CV-861**
                  **(MAD/TWD)**

**EXPRESS DATA PRODUCTS CORPORATION,**
**ESI, LLC, and RUDY C. D'AMICO,**

        **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

PINNISI & ANDERSON       Michael D. Pinnisi, Esq.
520 Cayuga Heights Road
Ithaca, New York 14850
*Attorneys for Plaintiff*

EDWARD J. FINTEL & ASSOCIATES   Edward J. Fintel, Esq.
120 Walton Street, Suite 203
P.O. Box 6451
Syracuse, New York 13217
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Presently before the Court is plaintiff's "emergency motion" to modify the existing temporary restraining order. (Dkt. No. 9). Defendants Express Data Corporation & ESI LLC have opposed the motion. (Dkt. No. 11).

### BACKGROUND

On July 25, 2013, plaintiff filed a motion for a preliminary injunction and temporary restraining order. On July 25, 2013, this Court entered an Order setting forth an expedited

briefing schedule for plaintiff's motion for a preliminary injunction. With respect to the application for a temporary restraining order, the order noted:

> **ORDERED** that pending further order of the Court, the defendants, their subsidiaries, assigns, agents, officers, directors, members and any person or entity having notice of this Order are temporarily restrained and enjoined from making any payment or transfer to NBT Bancorp, Inc.

On August 1, 2013, plaintiff filed a motion seeking an Order modifying the existing Order to "temporarily restrain and enjoined from withdrawing or transferring or drawing upon or otherwise reducing the balance of funds maintained by or for Express Data Systems Corp. and/or ESI, LLC in accounts maintained at NBT Bank, N.A., including but not limited to account numbers 5673050052 and 7000933443, and in any other accounts maintained by or for those entities at NBT Bank, N.A. and at any other financial institution, and are further restrained and enjoined from pledging any or all such funds as collateral or otherwise encumbering the same pending further order of the Court."

## DISCUSSION

"When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." *U.S. Commodity Futures Trading Com'n v. Arista LLC,* 2013 WL 3866627, at *1 (S.D.N.Y. 2013) (citing *inter alia Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984)). "The same is true for equitable relief, like [a] TRO [. . . ]". *Id*. (citation omitted). "[A] court may properly exercise its equitable power to modify an injunction that has become inequitable." *Board of Governors of Federal Reserve System v. Pharaon*, 140 F.R.D. 642, 648 (S.D.N.Y. 1991)

"The rationale for reexamination and modification of an injunction has been explained by the Second Circuit as follows:

> While changes in fact or in law afford the clearest bases for altering an injunction, the power of equity has repeatedly been recognized as extending also to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes."

*Id.* (citing *inter alia King–Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir. 1969)).

Here, plaintiff argues that modification is necessary due to a change in circumstances and has submitted documentary evidence supporting its position. The Court has thoroughly reviewed those submissions which include documentation recently received from NBT Bancorp. pursuant to a subpoena. Counsel for defendants Express Data Products Corporation & ESI LLC asserts that they have "legitimate and ordinary course business expenses that need to be paid from the enumerated bank accounts as they wind up their affairs such as rent and utilities". However, defendants' opposition does not include any affidavit or declaration from any principal or owner of the corporation. Moreover, defendants' counsel vaguely asserts that expenses cannot be paid but does not provide any estimated possible loss or identified any specific hardship defendants will endure. Pursuant to this Court's prior Order, the motion for a preliminary injunction will be fully briefed on or before August 9, 2013. A decision from this Court shall be issued forthwith. Accordingly, the Court finds that the balance of hardships favors plaintiff. *See PCS Wireless LLC v. A to Z Wireless Solutions Inc.*, 841 F.Supp.2d 649, 654 (E.D.N.Y. 2012). However, while the Court finds that the presently existing restraining order should be modified, the alterations sought are overly broad. Accordingly, the Court issues the following Order:

**IT IS HEREBY**

**ORDERED** that plaintiff's motion for a modification of the existing temporary restraining order is **GRANTED** (Dkt. No. 9), it is further

3

**ORDERED** that pending a decision on plaintiff's application for a preliminary injunction, defendants, their agents, servants, employees, and attorneys and all persons in active concert or participation with them who receive actual notice of this order, be, and hereby are, enjoined from transferring or withdrawing any funds from account numbers 5673050052 and 7000933443 maintained at NBT Bank, N.A. pending further order of the Court.

**IT IS SO ORDERED.**

Dated: August 2, 2013
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge